No. 9326.

FOOTE ET AL. *v*. CARROLL.

1. MINING FIXTURES—*Not Part of Realty*. Machinery, belting, attachments, tools and implements, placed upon mining property by one operating under a lease, with an option to purchase, are trade fixtures, and in the absence of any agreement to the contrary may be removed by the tenant at any time during the term, or within a reasonable time after its termination.

2. —— *Subject to Attachment*. The fixtures placed upon a mine by tenant are subject to attachment at the suit of his creditors.

*Error to Summit District Court, Hon. Chas. Cavender, Judge.*

Mr. FRANK E. PURPLE, for plaintiffs in error.

Mr. JAMES T. HOGAN, for defendant in error. Allen, J.

THE plaintiffs in error, as owners of certain patented mining claims, were intervenors in this case, where material men and laborers brought suit against the lessee on

account of materials furnished to and labor performed for the lessee on the mining claims in question. The plaintiffs attached machinery, appliances, implements and tools which had been sold to and placed by the lessee on the premises for the purpose of carrying on the mining and milling business for which the claims were leased. The intervenors claimed to be the owners of the property thus attached, on the ground, as alleged in their petition, that such property consisted of "fixtures, chattels real, and improvements and part of said real estate and mining properties." This contention was overruled by the trial court. Judgment was rendered against the intervenors and they bring the case here for review and apply for a supersedeas.

Mining, milling and concentrating machinery, implements and tools, belting, attachments, etc., furnished and placed on mining property by a lessee operating the same under a lease, with an option to purchase, for the special purpose of developing the mines, extracting ores and treating the same, and affixed to the premises for the purpose of carrying on the business for which the premises were leased, are trade fixtures, and may be removed by the tenant at any time during the term of the lease, or within a reasonable time after the termination thereof. They do not become a part of the realty nor become the property of the landlord where, as is the case here, the lease does not provide that such machinery and property shall not be removed, and when the same is not furnished as a part of the consideration for the lease and option, to become the property of the landlord at the termination of the lease. They remain the property of the tenant or lessee. *Updegraff v. Lesem*, 15 Colo. App. 297, 303, 62 Pac. 342, and cases cited. The same rule applies between attaching creditors of the lessee and the owner of the fee, as in a case between a landlord and a tenant. Fixtures which a tenant may remove are subject to attachment. 6 C. J. 196; 4 Cyc. 556, note 32. This is but an application of the general rule that all the goods and chattels of a defendant are subject to attachment for his debts. 6 C. J. 195, sec. 351. The

trial court did not misconceive the law.   Supersedeas will be denied and the judgment affirmed.

Supersedeas denied and judgment affirmed.

Hill, C. J., and Bailey, J., concur.