CONWAY, Respondent, v. BELATTI et al., Appellants.

(175 N. W. 703.)

(File No. 4524.    Opinion filed January 5, 1920.)

1. Appeals—Error—Assignments of Error, No Exception, No Review.

Where no exceptions were taken at trial to giving or refusing to give requested instructions, there is nothing for Supreme Court to review.

2. Sheriffs—Conversion—Ineffectual Levy on Plaintiff's Property, Judgment Versus Another, Damages, Sufficiency of Evidence.

Where goods kept in a hotel and claimed to be owned by plaintiff, were levied on by defendant sheriff as property of a third person, but the goods were left in the hotel, and nothing further done after notice of levy served, until building and contents were turned over to a third party, held, that if the property belonged to plaintiff, the evidence, if competent and material, is sufficient to support verdict for damages against defendant for conversion.

3. **Conversion—Evidence—Value of Goods Taken on Execution—Purchase Price, Evidence Of, Competency—Proper Objection Indicated.**

Where, on trial in a suit for damages against defendant sheriff for conversion of plaintiff's personalty for unlawful levy, plaintiff and another had testified as to value of the property, cross-interrogatives as to the consideration paid by plaintiff for the property called for incompetent and immaterial evidence; and if the purpose was to show good faith of witnesses, or correctness of their judgment in fixing value of the property, trial court should have been informed of such fact at time objection was made.

4. **Evidence—Ownership, Bill of Sale, Admissibility.**

A bill of sale to plaintiff claiming ownership of personalty, was admissible evidence for what it was worth on this issue.

5. **Evidence—Ownership of Personalty Levied on Against Another—List of Personalty Under Bill of Sale, Whether Competent to Show Property Claimed.**

On this issue of ownership of personalty claimed by plaintiff and situated in a hotel, and levied on in a suit against a third party, lists of articles that plaintiff claimed had been placed in hotel and included in bill of sale to him, were properly admitted in evidence for purpose of showing the property claimed by plaintiff.

6. **Fixtures—Hotel Diningroom Booths, Outside Electric Sign, Whether Fixtures, Removable by Leasee's Vendee During Term.**

In a suit for damages for unlawful levy upon plaintiff's personalty under a judgment against another, held, that hotel fixtures, to-wit, dining room booths and an outside electric sign, were fixtures; and leasee who had erected said fixtures could sell same, and purchaser could within reasonable time and within term of the lease, remove such property, if they could be removed without damage to the building.

7. **Landlord and Tenant—Tenant's Right to Remove Fixtures From Biulding.**

A leasee has the right, during term of lease, to remove fixtures placed in a building by him for his own use and convenience, if same can be removed without damage to the building.

Appeal from Circuit Court, Codington County. Hon. WILLIAM SKINNER, Judge.

Action by N. J. Conway against S. Belatti and Ed. T. Elkins, Sheriff of Codington County, to recover damages for conversion of personalty. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

*J. G. McFarland, for Respondent.*

*Clay Carpenter,* for Appellant.

(3)  To point three of the opinion, Appellant cited: 13 Cyclo. of Ev. 538; Wigmore on Ev., Sec. 464, p. 1006; Holdridge v. Lee, 3 S. D. 134, 52 N. W. 265; Rosenstein v. Fairhaven & W. R. R. Co., 78 Conn. 29, 60 Atl. 1061.

(7)  To point seven, Appellant cited: Sec. 899, Civ. Code; re hotel sign, cited; Redlon v. Baker, 4 Kan. 382, 96 Am. Dec. 180.

Respondent cited, re sign: 11 R. C. L., pages 1070-1076; Havens v. West Side Electric Co., 17 N. Y. Supplement 580; Sec. 899 Civ. Code.

POLLEY, J. This is an action to recover damages for the alleged conversion of a personal property. The property was in a hotel building in the city of Watertown. Defendant Belatti was the owner of the building, and the defendant Elkins was the sheriff of Codington county. For some time prior to the 18th day of October, 1917, the said hotel had been occupied by one E. L. Denis, under a lease from the owner. On the date last named, Denis made a purported assignment of his lease on the hotel to the plaintiff and gave to plaintiff a bill of sale of numerous articles of personal property, consisting of hotel furniture, fixtures, and supplies—all in said building. On the 23rd day of October, 1917, the defendant Elkins, under authority of a warrant of attachment, issued in an action entitled "Belatti v. Denis," entered the hotel building and made a levy on certain property as the property of the said Denis, and, on the same day served notice on plaintiff that he had levied upon—

"all the right, title and interest [of the said Denis] in and to the following property: Beds, bedding, glassware, dishes, cooking utensils, silverware, clothing, and all personal property usually contained in, and used by the management of a hotel; said property being situated in the West Hotel."

A custodian was placed in charge; but, within a few days, the building and contents were turned over to defendant Belatti, and no other or further steps of any kind were ever taken in said action. Plaintiff then commenced this action, claiming dam-

ages in the sum of $1,500. Verdict and judgment were for plaintiff, and defendants appeal.

Insufficiency of the evidence to support the verdict, error in the admission and rejection of certain evidence sought to be introduced at the trial, and in the giving and refusing to give certain instructions by the trial court, are assigned by appellants.

[1, 2] No exceptions were taken at the trial to the giving or refusing to give requested instructions. Therefore those assignments present nothing for this court to review. The defendant Elkins, having taken no further steps under his warrant of attachment after making the purported levy, became liable as for conversion, if in fact the property involved belonged to plaintiff. The evidence, if competent and material, is sufficient to support the verdict.

[3] At the trial, both plaintiff and the said Denis testified as to the value of the property. On cross-examination both of these witnesses were asked what was the consideration paid by plaintiff to Denis for the property. This was objected to on the ground that it was not material, and the objections were sustained. This evidence was not competent or material for the purpose of showing the value of the property, and there was no error in sustaining the objection. If defendants wished to show by these questions the good faith of the witnesses or the correctness of their judgment in fixing the value of the property, this fact should have been called to the attention of the court at the time the objection was made.

[4] The trial court admitted in evidence over the objection of defendants, the bill of sale by which Denis transferred the property to plaintiff. Ownership of the property was one of the principal issues in the case, and the bill of sale under which plaintiff was claiming title was admissible for what it was worth on this issue.

[5]. During the trial two lists of articles of personal property, that plaintiff claimed had been placed in the hotel by Denis and were included in the bill of sale, were offered in evidence. These offers were objected to on the ground that they were irrelevant, incompetent, and immaterial, were self-serving, and not binding upon the defendants. The exhibits

were admitted by the court, but were limited to the purpose of showing the property claimed by plaintiff. Such exhibits were properly admissible for that purpose.

[6, 7] There were certain items of property alleged by plaintiff to have been converted by appellants which appellants claim were fixtures, and, for that reason, were not susceptible of wrongful conversion, and that evidence of the value thereof was incompetent. These articles consisted of certain booths that had been erected by Denis in the dining room of the hotel, and an electric sign attached to the outside of the building. These articles, no doubt, were fixtures; but it was not shown that they could not have been removed without damage to the building. The term for which the building had been leased to Denis had not expired, and under the law, a lessee has the unquestioned right to remove fixtures placed in a building by him for his own use and convenience, if the same can be removed without damage to the building and are removed before the expiration of the lease. Appellants claim that Denis had no authority to assign the lease, and that his attempt to assign the same was an abandonment of his rights as tenant, and therefore terminated the lease; and that his assignee had no right to remove the fixtures thereafter. Whether Denis had a right to sublease the hotel does not appear from the evidence. He unquestionably had the right to sell such property as belonged to him, and the purchaser was entitled to a reasonable time within the term of the lease to remove such property, including the fixtures, from the building.

The judgment and order appeared from are affirmed.