No. 14,222.

Seaton-Hayden Mines Company v. Renshaw.

(73 P. [2d] 999)

Decided November 8, 1937.

Mr. Edward V. Dunklee, for plaintiff in error.

Mr. Arthur E. Aldrich, Mr. Clement R. Hackenthal, for defendant in error.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

[■] This was an action to quiet title in an air compressor usable in mining, apparently under chapter 22 of the Code. While we seriously doubt the propriety of the form, on the ground that actions to quiet title on personal property do not lie *(Central Sav. Bank & Tr. Co. v. Amalgamated Society, etc.,* 24 Colo. App. 438, 134 Pac. 1007), no good purpose would be served in dismissing it for that reason. The issues are comparatively simple, and both parties join in asking that the matter be decided on the typewritten briefs submitted on the application for supersedeas, although the supersedeas has already been allowed. The request will be granted.

On November 30, 1928, the Seaton Mines Corporation, acting by John R. Smith, trustee, leased, with option to buy, certain mining properties in Clear Creek county to the defendant in error, Renshaw, for a period of three years, which lease was at its expiration extended for two years, or until November 30, 1933. During the period of the lease, Renshaw placed certain mining machinery, including the air compressor in question, on the premises. The lease and option was in the usual form and contained, among other provisions, the following paragraph: "Eighth. It is further understood and agreed by and between the parties hereto, that on the expiration of this lease by limitation or otherwise, or the forfeiture of same as herein provided, all permanent improvements of every kind and nature, such as tracks, ties, wiring, piping for ventilation, or air, or drainage, timbering, etc., etc. (tools, movable mechanical equipment, etc. not included) which are placed and provided by the said party of the second part, are to be and remain, as soon as placed in position, the property of the said parties of the first part."

After the termination of the extension of the lease and option, the said air compressor was left on the premises following an alleged oral understanding between Renshaw and Smith.

In August, 1935, the Seaton-Hayden Mines Company, a corporation, acquired the property covered by the lease, and upon inquiry concerning the taxes on the mining machinery, the dispute as to the ownership of the air compressor arose and this action followed. Smith, the trustee and agent for the Seaton Mines Company, died in 1936. On the issue as to whether the air compressor became attached to the realty, thus becoming a fixture, the court below, sitting without a jury, resolved in favor of defendant in error, Renshaw, holding that the air compressor was not a fixture, and consequently remained the property of Renshaw.

Plaintiff in error urges three propositions in its assignments as grounds for reversal. (1) Laches of the defend-

ant in error; (2) hearsay evidence erroneously admitted by the trial court; (3) physical attachment of the compressor showing a fixture.

▌We will dispose of the second proposition first, because on it depends the question of laches. Hearsay evidence is generally inadmissible, but not always so. The evidence here shows, and it was not disputed, that Smith was the agent of the other trustees in dealing with Renshaw, consequently Smith's statements made shortly after the termination of the extension of the lease and option were admissible in behalf of either party as part of the res gestae. *Robert E. Lee S. M. Co. v. Englebach,* 18 Colo. 106, 31 Pac. 771; *Union Pac. Ry. Co. v. Hepner,* 3 Colo. App. 313, 33 Pac. 72. This conversation, which we think the court properly admitted, showed that Smith, as trustee and agent, was still trying to get someone to operate this property, and was anxious to have the compressor remain in the event that someone suitable could be found to operate the property, and he requested that the compressor be left on the premises.

▌This readily disposes of the question of laches, because that defense is not available to one whose position is not changed by virtue of delinquencies on the part of the opposing party. *DuBois v. Clark,* 12 Colo. App. 220, 55 Pac. 750, and *Carper v. Risdon,* 19 Colo. App. 530, 76 Pac. 744.

▌On the proposition as to whether the compressor became a fixture, there is the well-recognized exception to the general rule that personal property affixed to the realty becomes a part of the latter, that exception existing between landlord and tenant where the latter installs trade fixtures on the premises, removable at the expiration of the lease, or a reasonable time thereafter. *Carper v. Risdon, supra.*

▌In the instant case, the compressor, which is a heavy piece of machinery, was set on a cement foundation with removable bolts holding it in the cement. The building in which it was situated was of the kind usually found

on mining properties and in order to remove the compressor from the building it would be necessary to take out one end of the building but it was not disputed that the end could be replaced without particular damage to the realty. The burden was on the plaintiff in error to show that the compressor was included in the general language of paragraph eight of the lease. In this it failed.

The trial court resolved all of the issues in favor of the defendant in error. There was ample competent evidence to support the court's finding, and under the well-recognized rule, such finding and judgment thereon will not be disturbed on review.

Judgment is affirmed, and supersedeas heretofore granted will be disregarded.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE KNOUS and MR. JUSTICE HOLLAND concur.