**MIDWEST FUEL & TIMBER CO. v. WEST.**
No. 1808.

Circuit Court of Appeals, Tenth Circuit.
Oct. 24, 1939.

974

Albert E. Zarlengo, of Denver, Colo. (Anthony F. Zarlengo, of Denver, Colo., on the brief), for appellant.

Cass M. Herrington, of Denver, Colo. (G. Walter Bowman, of Denver, Colo., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON Circuit Judge.

This appeal brings under review an order made in a bankruptcy proceeding. The Midwest Fuel and Timber Company, hereinafter called petitioner, owns certain coal mining property in Weld County, Colorado. By written instrument, the property was leased to two individuals for a period of twenty years. The lease provided for the mining of coal and the monthly payment of specified royalties and rentals. Section 11 provided that the lessees should obtain and keep continuously in force insurance covering their employees as required by the Workmen's Compensation Laws of the state, and that failure to do so should forthwith terminate the lease without notice, and should authorize petitioner to re-enter possession of the property, with or without process of law; section 12 provided that on termination of the agreement, either by expiration of the term or option of the petitioner as thereinabove provided, the lessees should have the right to remove all rails, ties, pipes, pumps, houses, buildings, machinery, and other equipment placed thereon by the lessees, except rails, pipes, mine and shaft timbers then set in place, but that no such equipment or material should be removed until all royalties then due should be fully paid and satisfied and the lease fully performed in all respects by the lessees; and section 19 provided that at the expiration of the lease or prior thereto upon demand for forfeiture, the lessees should deliver up to petitioner such premises together with machinery and equipment, except as provided in the last paragraph of section 12, in good order and condition. By written instrument, the lease was assigned to the American Coal Company, hereinafter called the bankrupt. The bankrupt operated the property, but in April, 1938, its board of directors determined that it was not financially able to continue operations in accordance with the lease, and petitioner was so advised by letter the following day. In May, 1938, bankrupt allowed its workmen's compensation insurance to lapse for nonpayment of premium, and on the following day petitioner declared the lease terminated for that reason and went into possession of the property.

The bankrupt thereafter filed its voluntary petition in bankruptcy, an order of adjudication was entered, and a trustee was appointed. Petitioner filed in the proceeding its petition for reclamation of certain property. The petition divides the property into four parts, designated as schedules A, B, C, and D. Schedule A consists of air hose, cable, jacks, mule collars, harness, and a car mover. The bankrupt furnished and placed all of this property, except the car mover, on the mining premises to replace other like property which was there at the execution of the lease and afterwards became worn out. New handles were furnished and placed on the car mover as replacement of old handles. Schedule B consists of a smokestack and a three compartment wagon bin. The bankrupt furnished the material and in-

stalled the smokestack in lieu of one in use at the execution of the lease; the old one was cut up and used for other purposes; and the bankrupt also furnished the wagon bin. Schedule C consists of mine props and mine ties. The bankrupt furnished these and the referee found that they were on the premises but not in place in the mine. Schedule D consists of shovels, forks, tubes, drill, bradtice cloth, shaker plates, and transformer. The referee found that these belong to the bankrupt but there is no finding that they were replacements. It is alleged in the petition that on the day preceding the lapse of the workmen's compensation insurance and two days prior to the declaration of forfeiture and retaking of the premises, the bankrupt went to the mine and removed all of the property described in schedules A and D, but the summary of the testimony is silent in respect of the matter. It is also alleged in the petition that the trustee has possession of all of the property described in schedules A, C, and D, and that he claims the property described in schedule B, but the testimony is likewise silent in respect of that matter.

The referee granted the petition as to the collars, harness, and smokestack, but denied it as to all other property. On petition for review the court approved and confirmed the action of the referee. Petitioner appealed.

■■■ The first question is whether petitioner is entitled to possession of the property described in schedule A. The bankrupt furnished such property for replacement of other like property in use at the mine at the time of the execution of the lease but which subsequently became exhausted during the operations of the bankrupt. Section 19 of the lease obligated the lessee to deliver up the premises, together with machinery and equipment, except as provided in the last paragraph of section 12, in good order and condition. It is unnecessary to determine whether that provision required the bankrupt to make replacements. These were made, and the property furnished took the place of that which was in use at the execution of the lease. It is the general rule that, unless contractual stipulations provide otherwise, improvements made by a lessee under a lease for a long term of years in furtherance of the purpose of the lease may be removed at the expiration of the term or on termination prior

to such expiration, provided the premises are not injured and are left in as good condition as they were when he received them. Couch v. Welsh, 24 Utah 36, 66 P. 600; State ex rel. Hanson Storage Co. v. Bodden, 166 Wis. 219, 164 N.W. 1009; Durband v. Noble, 182 Iowa 1271, 166 N.W. 581; Conway v. Belatti, 42 S.D. 400, 175 N.W. 703; Old Line Life Ins. Co. of America v. Hawn, 225 Wis. 627, 275 N.W. 542. It is well settled in Colorado that as between lessor and lessee articles which the latter places on leased mining premises for the purpose of conducting the mining business for which the lease was taken are trade fixtures and may be removed at the expiration of the lease or on termination prior to such expiration, even though they are solid, and closely attached to the realty. Updegraff v. Lesem, 15 Colo.App. 297, 62 P. 342; Carper v. Risdon, 19 Colo.App. 530, 76 P. 744; Rare Metals Min. & Mill Co. v. Western Colorado Power Co., 73 Colo. 30, 213 P. 124; Seaton-Hayden Mines Co. v. Renshaw, 101 Colo. 342, 73 P.2d 999. In all of these cases, except Rare Metals Min. & Mill Co. v. Western Colorado Power Co., supra, the fixtures furnished were new and useful improvements, not replacements, and in the Rare Metals Min. & Mill Company case the modern mill which the lessee constructed superseded an old one of a different type which was entirely worthless to it. It is also settled law in that state that implements, tools, belting, attachments, and other cognate equipment which the lessee furnishes for use in conducting the business for which the lease was taken are trade fixtures which may be removed. Foote v. Carroll, 64 Colo. 182, 170 P. 954. But there is no suggestion in that case that the property was furnished as replacements for other like property in use at the time the lease was executed. Here the property in question was not new improvements. Neither was it furnished to replace other like property which was worthless at the time the lease was executed. It was furnished to replace other property of the same kind which was owned by petitioner and in use at such time, and which became exhausted during operations of the bankrupt. It thus took the place and stead of similar property belonging to petitioner and in use at the time the bankrupt began operating the property. And the property is incomplete as an operating mine without it. Its removal injured the mine by leaving

it incomplete. Petitioner is entitled to reclamation of such property.

The finding of the referee that the wagon bin is removable property under the terms of the lease, and that the bankrupt be allowed to remove it from the premises is challenged on the ground that the bin is a part of the tipple and therefore a part of the realty. There was no showing that the bin was furnished as a replacement. There was testimony that it is attached to the tipple, but the nature and manner of the attachment was not disclosed. It is a trade fixture placed on the premises for use in conducting the business for which the lease was taken. So far as it being a part of the real estate is concerned, in the absence of an affirmative showing that its removal would injure the realty, it is removable property even though attached to the tipple. Updegraff v. Lesem, Carper v. Risdon, Rare Metals Min. & Mill Co. v. Western Colorado Power Co., Seaton-Hayden Mines Co. v. Renshaw, supra.

This brings us to a consideration of the property in schedules C and D. The referee found that the contract did not provide for liquidated damages for failure to perform, that it attempted to impress a lien on the property for unpaid royalties and for the full performance of the lease, but that it was ineffectual to operate as security for such purpose because it did not comply with the laws of the state respecting the acknowledgment and recordation of chattel mortgages. Breach of the contract did not vest in petitioner title to this property. But as between petitioner and the bankrupt, petitioner is entitled to a lien on such property to secure any damages which may have been suffered on breach of the contract, even though the lease was not acknowledged and filed for record. Whiteside v. Rocky Mountain Fuel Co., 10 Cir., 101 F.2d 765. Petitioner pleaded breach of the contract, but erroneously sought reclamation of the property instead of the establishment and enforcement of a lien to secure the damages, if any, arising from such breach. Equity requires that petitioner be given an opportunity to amend its petition by pleading damages, if it is contended that damages were sustained; that the bankrupt be allowed to join issue; that the parties be permitted to submit evidence bearing on the question; that in the event damages are allowed a lien to secure payment be established against such property, and the wagon bin; but that in the absence of the establishment of such a lien, possession be awarded to the trustee.

The order is reversed and the cause remanded for further proceedings not inconsistent with the views expressed in this opinion.