STATE v. ONE BUICK SEDAN AUTOMOBILE, *etc.*
ANNA GENDREAU, APPELLANT.[1]

November 26, 1943.

No. 33,547.

---

[1] Reported in 12 N. W. (2d) 1.

*Charles A. Fortier,* for appellant.

*J. A. A. Burnquist,* Attorney General, *Mandt Torrison,* Special Assistant Attorney General, and *Attell P. Felix,* County Attorney, for the State.

PETERSON, JUSTICE.

The state brings this proceeding under L. 1941, c. 498, Minn. St. 1941, §§ 100.055, 100.056, 100.057, to confiscate and sell a Buick automobile, a spotlight attached thereto, and a Winchester rifle unlawfully used on November 18, 1942, by one Adelord Gendreau to hunt and spot deer.

Upon his plea of guilty, Adelord was convicted of the crime of unlawfully using the property in question to hunt and spot deer.

The statute under which the proceeding was brought provides in part:

"* * * If the court shall find that said property or any part thereof was used in violation of the provisions of this act, he shall order the property so unlawfully used, sold as herein provided un-

less the owner shall show to the satisfaction of the court that he had no notice or knowledge or reason to believe that such property was used or intended to be used in violation of this act." (L. 1941, c. 498, § 3.)

Appellant, Anna Gendreau, Adelord's wife, answered, claiming that she was the owner of the automobile and spotlight and that she had no notice or knowledge or reason to believe that the automobile or spotlight was being used or intended to be used illegally to hunt and spot deer and demanding judgment that the property in question be released to her free from any claim or right asserted by the state.

It is undisputed that Adelord illegally used the automobile, spotlight, and rifle as claimed by the state. Because of that fact, the property mentioned was seized for confiscation. Because under the statute the power to confiscate depended on whether Anna owned the automobile, and, if so, whether she had notice, knowledge, or reason to believe that Adelord intended to use it illegally, the trial was concerned chiefly with those questions. The court below found that Adelord and Anna were co-owners of the automobile in the proportions which each contributed to the purchase price thereof, and that Anna had no notice, knowledge, or reason to believe that Adelord intended to use it illegally. In order to confiscate Adelord's interest thus found, the court ordered judgment for the sale of the automobile and for payment to the state of the share of the proceeds representing his interest therein, which was determined as what remained after deducting, first, the costs and expenses of the proceeding and the sale, and, secondly, after such deductions, so much of the proceeds of the sale as represented Anna's proportionate ownership of the automobile, which was ordered paid to her.

On the appeal from the judgment Anna contends that the court below erred in failing to find that she was the sole owner of the automobile and in ordering the sale. The contention presents the single question whether the evidence compelled a finding that she was the sole owner of the automobile.

There is no substantial dispute in the evidence. The court's findings and memorandum show that it accorded credibility to appellant's testimony. The undisputed evidence shows that on November 6, 1937, H. N. Gilman, Incorporated, an automobile dealer at St. Cloud, was the owner of the automobile; that on the date mentioned Anna purchased the automobile from the Gilman company for the sum of $1,229.77, which was paid partly in cash with $754.77 of Anna's money, which she received as a gift from her parents, and partly by a trade-in of Adelord's 1934 V-8 Ford sedan, for which the dealer allowed $475. At the time of the purchase the dealer prepared a written invoice reciting the details of the transaction and showing that the sale was made to "Mrs. A. Gendreau, ADDRESS: Little Falls."

The automobile was registered with the state registrar of motor vehicles under the name of "A. Gendreau." Appellant testified that that registration was in her name. She testified that she signed her name as "A. Gendreau," "Anna Gendreau," and "Mrs. A. Gendreau." The inference is clear that the dealer, pursuant to the provisions of Minn. St. 1941, § 168.15, undertook to register the ownership of the automobile with the registrar of motor vehicles in her name and that he got the name "A. Gendreau" from her. After Adelord's conviction, Anna caused the registration to be amended so as to prefix "A. Gendreau" with "Mrs." and so as to show ownership in "Mrs. A. Gendreau."

There was further testimony, which was neither disputed nor contradicted, that, because Anna made the cash contribution in question to the purchase price, it was understood by her and Adelord that the automobile was to belong to her; that on November 11, 1942, a week before the illegal use in question, Anna procured an automobile liability insurance policy covering the operation and use of the automobile, for one year from that date, in which she was named as the insured under the name of "Mrs. A. Gendreau of Little Falls," and which recited that she purchased the automobile new in November 1937. She had a similar policy for the preceding

year, 1941-1942, which expired on the date of the issuance of the policy mentioned.

The automobile was used as a family car. With Anna's permission, Adelord and their daughters used the automobile at pleasure. Adelord and the daughters had separate keys. On a prior occasion Adelord was arrested while using the automobile to hunt pheasants illegally.

It appeared further that Anna and Adelord operated a restaurant in Little Falls, where they resided.

■ The fact that Adelord contributed $475 toward the purchase price of the automobile by the transfer to the dealer of his old car does not justify the finding that he had an interest in the new automobile purchased in Anna's name. Where a husband pays the consideration for a transfer of property to the wife, there is a rebuttable presumption of a gift by him to her. Sieger v. Sieger, 162 Minn. 322, 202 N. W. 742, 42 A. L. R. 1; Werle v. Werle, 332 Pa. 49, 1 A. (2d) 244; Annotation, Ann. Cas. 1915C, 1082. Likewise, where property is purchased with funds provided *partly* by both the husband and the wife, there is a rebuttable presumption that the amount paid by the husband is a gift to the wife. The gift vests in her the beneficial as well as the legal title. Andrew v. Andrew, 114 Iowa 524, 87 N. W. 494; Bacon v. Devinney, 55 N. J. Eq. 449, 37 A. 144; Annotation, Ann. Cas. 1915D, 654, at p. 655; 26 Am. Jur., Husband and Wife, §§ 100, 101, and 109. The fact that the husband paid all or part of the consideration for a transfer to his wife "is more than merely a circumstance tending to rebut the inference of a resulting trust. It is of itself a circumstance sufficient to raise an inference that a gift was intended." 2 Restatement, Trusts, § 442b. While a presumption may be rebutted, it controls decision where it is not displaced by substantial evidence. Ryan v. Metropolitan L. Ins. Co. 206 Minn. 562, 289 N. W. 557; Topinka v. Minnesota Mut. L. Ins. Co. 189 Minn. 75, 248 N. W. 660, 95 A. L. R. 739. Because the presumption may control decision, it is an important right and is not to be lightly frittered away. Deck v. Tabler, 41 W. Va. 332, 23 S. E. 721, 56 A. S. R. 837.

The presumption of gift was not overcome in the instant case. There was no direct evidence contrary to the presumption. Circumstances such as Adelord's use of the automobile and the fact that he and Anna operated the restaurant together are relied on to raise an inference to the contrary. The presumption is not overcome by a showing of use of the property by the husband consistent with the wife's ownership. Dorman v. Dorman, 187 Ill. 154, 58 N. E. 235, 79 A. S. R. 210; Annotation, Ann. Cas. 1915C, at p. 1090. Adelord's use of Anna's automobile with her consent was not only consistent with, but in subordination to and in recognition of, her ownership, as her bailee under common-law rules, Rodgers v. Saxton, 305 Pa. 479, 158 A. 166, 80 A. L. R. 280, and, as to persons injured by his negligent operation thereof, as her agent under the safety responsibility act (Minn. St. 1941, §§ 170.01 to 170.19). Christensen v. Hennepin Transp. Co. Inc. 215 Minn. 394, 10 N. W. (2d) 406. Standing alone, such use does not permit an inference of ownership. Nor does the fact that Anna and Adelord operated a restaurant together permit an inference that the automobile acquired in her name was to be his property or their joint or common property. Since there was no evidence to rebut the presumption of Anna's sole ownership, decision is compelled in her favor.

■ But Anna did not rely altogether upon the presumption. Her proof went further and affirmatively showed her title and acts confirmatory thereof, which were clearly established by uncontradicted and undisputed evidence to the effect that she purchased the automobile in her name from the rightful owner; that she paid most of the purchase price and her husband paid a part of it by a transfer of his automobile; that the parties intended that she should take title to the automobile as the owner thereof; that the purchase invoice showed that she was the sole purchaser; that she caused the automobile to be registered in her name; that she carried the liability insurance on the automobile in her name as the insured; and that her family used the automobile as a family car with her permission. McKeage v. Hanover F. Ins. Co. 81 N. Y. 38, 37 Am. R. 471; Holbrook v. New Jersey Zinc Co. 57 N. Y. 616; Freden-

burg v. Horn, 108 Or. 672, 218 P. 939, 30 A. L. R. 1153; Conway v. Belatti, 42 S. D. 400, 175 N. W. 703; Antes v. Consumers Consol. Coal Co. 203 Iowa 485, 210 N. W. 767.

Our conclusion is that the evidence establishes Anna's sole ownership of the automobile and that, since, as the court found, she had no notice, knowledge, or reason to believe that Adelord intended to use it in violation of the statute under which this proceeding was brought, she is entitled to judgment for the return of the automobile to her free of the claims asserted by the state.

Reversed with directions to enter judgment in favor of Anna Gendreau in accordance with the opinion.

MR. JUSTICE LORING, absent because of accidental injuries, took no part in the consideration or decision of this case.

[1]Reported in 12 N. W. (2d) 180.