ROACH, Appellant v. SNEDIGAR, Respondent

LEVINE, Appellant v. SNEDIGAR, Respondent

DORSEY, Appellant v. SNEDIGAR, Respondent

(72 N.W.2d 427)

(File No. 9489. Opinion filed October 17, 1955)

Rehearing denied November 21, 1955

**Whiting, Lynn, & Freiberg, C. E. Carrell,** Rapid City, for Plaintiffs and Appellants.

**Robert W. Gunderson,** Rapid City, **Helm & Bottum,** Sturgis, for Defendant and Respondent.

RENTTO, J.  These three actions arise out of the same airplane disaster. The decedents for whose estates the plaintiffs appear, died as a result thereof, and these actions were instituted to recover damages for such deaths. The defendant, owner of the plane involved, operates an airplane charter service at Rapid City, South Dakota and is authorized to

transport passengers by air in the United States and Canada. The actions were consolidated for trial. In each of the actions the jury returned a verdict for the defendant. Judgments of dismissal were entered on these verdicts and motions for a new trial denied. These appeals are from the judgments.

The decedents chartered one of defendant's planes with Clinton Cashman, an employee of defendant, as pilot to take them from Rapid City to Bismarck, North Dakota and return. They left Rapid City at about 8:40 a. m. on March 4, 1953, arriving at Bismarck at about 10:00 a. m. On the return trip they left Bismarck at about 4:20 p. m. That afternoon at about 5:30 p. m., before reaching its destination. the plane crashed on a ranch in Meade County, South Dakota, at a point about four miles west and one-half mile south of Union Center. The pilot and his three passengers were killed. (Designations of time are mountain standard.)

At the place of the accident the ground is level and was covered with snow to a depth of from 6 to 12 inches. Snow had fallen intermittently in the morning. One witness characterized it as dry snow and described the weather, during the morning, as "pretty funny and hazy". About noon the snowing ceased but the haze remained. It started to snow again at about 4:00 p. m. It was a sticky, heavy wet snow that fell intermittently. At times it would let up and the weather would be reasonably good. The wind was from the northwest at 30 to 55 miles per hour. The snowfall had been dense and heavy for five or ten minutes just prior to the plane's approach to the crash area. The plane was going in a southerly direction and flying low. During the last four miles of its flight before the crash its elevation was estimated as being from 60 to 200 feet above the ground with the motor operating normally or possibly running a little fast. The visibility varied from 100 yards to 1 mile with a ceiling of practically zero. The ground temperature at the time of the crash was about freezing or possibly a little above.

Shortly after the plane landed at Bismarck the pilot Cashman had a conversation with the manager of the Bismarck airport in his office. The plaintiffs took the testimony of the airport manager by deposition. At the trial

they attempted to introduce in evidence the conversation between Cashman and the airport manager. Defendant's objection to this was sustained. In the absence and out of the hearing of the jury plaintiffs pursuant to SDC 36.0209 made this offer of proof:

"At this time the plaintiff offers to prove by the deposition of Raymond W. Heinemeyer that Mr. Cashman, the pilot of the airplane, came into Mr. Heinemeyer's office at the municipal airport at Bismarck shortly after arriving from Rapid City and in the presence of some or all of his passengers made the statement that he had come up from Rapid City and on his route had run into weather, icing conditions, and felt that he was fortunate that he had gotten through this weather without mishap; that he had encountered these conditions in South Dakota; that the conditions encountered consisted of icing conditions and poor visibility. That is all."

On defendant's objection the court refused the offer. The exclusion of the proffered testimony is the only error urged by appellants.

They contend that the offered testimony is admissible for the purpose of showing the state of mind of the pilot. It is their position that the statements made by him in this conversation indicate a knowledge on his part of the probable weather conditions to be encountered on the return trip. It is argued that this knowledge would directly affect his realization of the risk of harm involved in the return trip. In his brief respondent directs our attention to the fact that the offer as made to the court contained no indication of the limited purpose of the testimony now urged by appellants and that no statement thereof was made to the trial court. The record supports this observation. It seems to us that it would be unreasonable to hold that the limited purpose of the offer was or should have been apparent to the court from the testimony excluded.

To the contrary, it seems to us that it would be reasonable for the trial court to conclude that this testimony was being offered to prove the weather conditions encountered on the trip from Rapid City to Bismarck. That would seem its apparent purpose. We believe that to be the only

purpose discernible from the content of the offer. If offered for such purpose it would clearly be inadmissible as being hearsay. Johnson v. Chicago & N. W. R. Co., 72 S.D. 580, 38 N.W.2d 348. Under these circumstances the following observation by Professor Wigmore is pertinent:

> "The general principle is that the offer must be judged **exclusively by its specific contents** regarded as a whole. This principle leads to several consequences: (1) If the evidentiary fact desired to be offered is in itself apparently irrelevant, or otherwise dependent on other facts for its admissibility, the offer must contain a statement of the **specific purpose,** or of all the **other facts necessary** to admissibility." Wigmore on Evidence, 3d Ed., Vol. 1, § 17(b), p. 319. See also 53 Am.Jur., Trial, § 102, p. 91.

■ We are of the view that it was the duty of the appellants to make known to the trial court the limited purpose for which they claimed the excluded testimony admissible. To hold otherwise would be to require the court to cast about for reasons for which the same was offered. That should not be the burden of the court. Rather, when evidence that is apparently inadmissible is offered for a limited purpose, the proponent of the evidence should have the burden of making clear to the court his reason for the offer. The court is entitled to be advised of this fact before ruling on the offer. Further, the opponent would be in no position to make a proper objection unless he knew the limited purpose of the offer, or to request an instruction limiting the use of the evidence, if admitted, to the purpose of its admission. While the situation before this court in Conway v. Belatti, 42 S.D. 400, 175 N.W. 703, 704, is different from the situation here presented we feel that the opinion in that case lends support to this conclusion. There the questions objected to were asked on cross-examination. The matters inquired into appear to be incompetent and immaterial. The objections were sustained. On appeal it was urged that these matters could properly be inquired into for a limited purpose. In answer to this contention the court said:

> "This evidence was not competent or material for the purpose of showing the value of the property, and there was no error in sustaining the

objection. If defendants wished to show by these questions the good faith of the witnesses or the correctness of their judgment in fixing the value of the property, this fact should have been called to the attention of the court at the time the objection was made." See also Anderson v. Sager, 8 Cir., 173 F.2d 794.

■ ■ Since the appellants did not make known to the court the limited purpose of their offer the trial court's ruling in excluding the testimony is not reviewable on appeal. In 3 Am.Jur., Appeal and Error, § 353, p. 97 the rule is stated as follows:

"Under the general principle requiring definiteness and particularity in the statement of the grounds of objections, motions, and exceptions, where the grounds upon which it is claimed that testimony should have been admitted were not stated at the trial, the propriety of its exclusion will not be considered on review".

4 C.J.S., Appeal and Error, § 291 b, p. 580, states the same rule in this language:

"As a general rule, in order to preserve for review an objection to the exclusion of evidence, a proper question must be asked, and, on objection thereto, a proper offer must be made at the time showing what evidence will be given if the witness is permitted to answer, the purpose and object of the testimony sought to be introduced, and all the facts necessary to establish its admissibility".

Our position is well stated in Tomlinson v. Bean, 26 Wash.2d 354, 173 P.2d 972, 976. That court said:

"The principle upon which we decide this case is that it is the duty of a party to make clear to the trial court what it is that he offers in proof, and the reason why he deems the offer admissible over the objections of his opponent, so that the court may make an informed ruling. If the party fails to so aid the trial court, then the appellate court will not make assumptions in favor of the rejected offer."

This was quoted with approval in Cochran v. Harrison Memorial Hospital, 42 Wash. 2d 264, 254 P.2d 752. See also Deaton & Son v. Miller Well Servicing Co., Tex. Civ. App., 231 S.W.2d 944; Callaghan v. R. H. White Co., 303 Mass. 413, 22 N.E.2d 10; Bass v. Kansas City Journal Post

Co., 347 Mo. 681, 148 S.W.2d 548. It follows from what we have said that we are not called on to determine whether the excluded testimony was admissible for the purpose here urged by appellants. Nor do we reach the question of whether the trial court abused its discretion in excluding the offered testimony, if the same were admissible.

The judgments are affirmed.

All the Judges concur.