**Darrell KAARUP and Carol Kaarup,
Plaintiffs and Appellants,**

v.

**SCHMITZ, KALDA AND ASSOCIATES,
Defendants and Appellees.**

No. 16031.

Supreme Court of South Dakota.

Argued Aug. 31, 1988.

Decided March 1, 1989.

---

Rick Johnson of Johnson, Eklund & Davis, Gregory, for plaintiffs and appellants.

Gary J. Pashby and Michael S. McKnight of Boyce, Murphy, McDowell & Greenfield, Sioux Falls, for defendants and appellees.

TUCKER, Circuit Judge.

## ACTION

This is an appeal from a final judgment entered on a jury verdict. The jury found for defendants, Schmitz, Kalda & Associates on plaintiffs' complaint. The jury further found that the defendants should take nothing on their counterclaim against the plaintiffs. We affirm.

## FACTS

Darrell and Carol Kaarup (Kaarups) purchased 86.39 acres of land located along the Big Sioux River, in Lincoln County for $103,200.00. A small tributary of the Big Sioux River, Beaver Creek, meandered for approximately 3,300 feet through this property. Beaver Creek is a fish spawning ground.

Kaarups planned to subdivide this property into large residential lots for resale. For this purpose Darrell Kaarup sought the professional assistance of Schmitz, Kalda & Associates (Schmitz/Kalda), a firm of engineers and land surveyors. Kaarup brought a rough diagram with him to his initial meeting with Don Kalda. Kaarup indicated that he was considering doing some cleanout work at the confluence of Beaver Creek and the Sioux River. Kalda informed Kaarup that the Corps of Engineers might have an interest in that type of work on the creek. Kalda told Kaarup to consult his own lawyer about the cleanup work. Kalda looked at the land that same day and also discussed the project with a Lincoln County Planning Commissioner.

Kaarup instructed Schmitz/Kalda to proceed with a survey of the property on May 7, 1981. Don Schmitz, of Schmitz/Kalda gave Kaarup the survey and advised him to take the survey to the Lincoln County Planning Commission for review prior to proceeding. The Lincoln County Planning Commission told Kaarup that some of his proposed tracts failed to meet their requirement that any subdivision lots had to be at least five acres in size.

Kaarup asked Schmitz to change some lot lines. Schmitz surveyed the lines and prepared a plat. By this time Kaarup had decided to straighten the creek and to use the center line of the creek as one of the boundary lines for the lots. Kaarup contacted Ed Nolz (Nolz), a contractor who operated Nolz Dragline Company, to determine the cost of straightening the channel. Kaarup proceeded to have Nolz straighten Beaver Creek in the fall of 1981.

The Lincoln County State's Attorney visited the project site shortly before completion of the project. Site visits by a variety of other state and federal officials followed. Kaarup received a letter from the Corps of Engineers on December 2, 1981, advising him that his diversion of Beaver Creek was in violation of federal regulations and statutes. The Corps ordered Kaarup to cease and desist from any further work on Beaver Creek.

Kaarups were subsequently served with a summons and complaint by the state of South Dakota. The complaint sought restoration of the stream bed to its original condition and further sought to impose a fine of $500.00 per day until Kaarups accomplished the restoration. The complaint was later amended to increase the fine to $1,500 per day.

Kaarups compromised the claims of the state by executing a consent decree. To resolve the federal claims, Kaarups obtained an ex-post-facto permit, which required restoration within one year at an estimated cost of over $400,000.

Kaarups informed Schmitz/Kalda that they were holding the firm responsible for giving them erroneous advice regarding the necessity of a permit. The present action was then commenced against Schmitz/Kalda on the theory of negligent misrepresentation.

## ISSUE ONE

DID THE TRIAL COURT ERR IN REFUSING TO ADMIT TESTIMONY CONCERNING A CONVERSATION BETWEEN KAARUP AND NOLZ ABOUT THE NECESSITY FOR PERMITS?

At trial, Kaarups sought to offer testimony that Nolz asked Kaarup if a permit

was required and that Kaarup responded that he would check with Schmitz/Kalda. Kaarup further sought to testify that he later told Nolz that Schmitz/Kalda told him no permits were needed because he was at the end of the line on the stream. The trial court denied admission of this testimony on the ground that it was hearsay.

Kaarups contend that this testimony should have been permitted because it was not hearsay under SDCL 19–16–1 (hearsay defined) and SDCL 19–16–2(2) (prior consistent statement). In the alternative, Kaarups argue that the testimony was not hearsay because it was not offered to prove the truth of the matter asserted. SDCL 19–16–1(3).

▮ SDCL 19–16–1(3) defines hearsay as, "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." In this instance, the evidence Kaarups sought to admit was a "statement" that Kaarup made to Nolz that Schmitz/Kalda told him no permit was needed. The statements made by Kaarup to Nolz constitute hearsay within the definition of SDCL 19–16–1. The statements were not made during Kaarup's testimony but were made nearly six years prior to trial. Further, the statements were offered to prove the truth of the matter asserted, i.e. that Schmitz advised Kaarup that no permit was required.

We next consider whether these statements are prior consistent statements under SDCL 19–16–2(2), and therefore not hearsay. SDCL 19–16–2(2) provides:

A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is ... (2) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive ...

SDCL 19–16–2(2) requires impeachment of the witness as a precondition to admissibility. 4 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 801(d)(1)(B)[01] (1988) provides that:

Since Rule 801(d)(1)(B) provides that the prior consistent statement may be accorded substantive use *only if it is used to rebut an express or implied charge, impeachment of the witness is a precondition.* (emphasis added).

▮ There was no impeachment of Kaarup at the time that Kaarups sought to introduce this evidence. Kaarups sought to introduce this testimony during their case in chief on direct examination. There had been no express or implied charge of recent fabrication against Kaarup up to that time. Therefore, the statements were not admissible under SDCL 19–16–2(2).

▮ It should be noted that Schmitz's alleged statement to Kaarup, that a permit was not needed, was a statement offered against a party and was that party's own statement. Such a statement is not hearsay under SDCL 19–16–3 and was properly admitted by the trial court. Only Kaarup's statements to Nolz were hearsay.

▮ Finally, Kaarups argue that the statements should have been admitted to show Kaarups' state of mind. However, Kaarups never made the limited purpose of this testimony known to the trial court. At trial, Kaarups merely claimed the statements were admissible "to show the circumstances of how Ed Nolz came to be working on the project." It is the duty of the party seeking to introduce otherwise excludible evidence to make known to the trial court the limited purpose for which they claim the testimony is admissible.

To hold otherwise would be to require the court to cast about for reasons for which the same was offered. That should not be the burden of the court. Rather, when evidence that is apparently inadmissible is offered for a limited purpose, the proponent of the evidence should have the burden of making clear to the court his reason for the offer. The court is entitled to be advised of this fact before ruling on the offer.

*Roach v. Snedigar*, 76 S.D. 63, 67, 72 N.W. 2d 427, 430 (1955). Since Kaarups did not make known to the court the limited purpose of their offer, the trial court's ruling

in excluding the testimony is not reviewable. *Id.*

## ISSUE TWO

DID THE TRIAL COURT ERR IN REFUSING KAARUPS' PROPOSED JURY INSTRUCTION ON A LAY PERSON'S RIGHT TO RELY ON EXPERTS?

■ Kaarups' proposed instruction number 1 was refused by the trial court. It provided:

The disparity of the parties must also be borne in mind. Ordinary men are not usually acquainted with all the intricacies of engineering while the engineer is presumed to be an expert on the subject; and it is a matter of common knowledge that lay persons are accustomed to rely largely on the engineers for information as to their rights and liabilities in a construction or development project.

This proposed instruction was properly refused. First, it is fundamental that jury instructions must be considered as a whole in determining if prejudicial error was committed in giving or refusing to give certain instructions. *Beyer v. Cordell*, 420 N.W.2d 767 (S.D.1988); *Jahnig v. Coisman*, 283 N.W.2d 557 (S.D.1979). The trial court instructed the jury as to negligence and the standard of care that the law expects of all persons. The court further instructed the jury on the distinction between land surveyors and engineers. These instructions adequately set forth the standard of care applicable to this case. Considering the instructions as a whole, there was no prejudicial error committed.

Further, although Schmitz/Kalda is an engineering firm, a genuine issue of fact existed as to whether Schmitz/Kalda was hired to provide engineering or land surveying services. Schmitz and Kalda were registered land surveyors and registered engineers. The jury could improperly apply the proposed instructions to Schmitz/Kalda, since it is a firm of engineers, even though the jury found that Schmitz/Kalda provided surveying services in this case. The proposed instruction is not properly limited.

Finally, the proposed instruction is a modification of this court's wording in *Moore v. Kluthe & Lane Insurance Agency, Inc.*, 89 S.D. 419, 234 N.W.2d 260 (1975). In that case, this court held that:

" 'The disparity of the parties must also be borne in mind. Ordinary men are not usually acquainted with all the intricacies of insurance contracts, while the insurer is presumed to be an expert on the subject; and it is a matter of common knowledge that the insured are accustomed to rely largely on the insurer for information as to their rights and liabilities.' "

*Id.* at 265. The proposed instruction may be a proper extension to the engineering field of this court's holding in *Moore*. However, this court need not reach that question.

■ The trial court should present only those instructions which are supported by competent evidence in the record. *Kallis v. Beers*, 375 N.W.2d 642 (S.D.1985). There was no evidence offered through experts or otherwise that engineers are experts on the intricacies of federal or state water law. The trial court properly refused to instruct the jury to presume such knowledge.

Since the trial court's instructions adequately cover the law in this case, the proposed instruction is not properly limited and the instruction is not supported by competent evidence in the record, the trial court properly refused this instruction.

## ISSUE THREE

DID THE TRIAL COURT ERR BY ADMITTING INTO EVIDENCE KAARUPS' ENTIRE BANKRUPTCY PETITION?

Kaarups claim that the trial court erred in admitting into evidence the entire petition they filed in their chapter 11 bankruptcy proceeding. Kaarups claim that the only relevant portion of the petition was that part which set forth the attorney's fees incurred in the bankruptcy, an element of damages in this action. Kaarups claim the balance of the petition was irrelevant.

■ Relevant evidence is that, "evidence having any tendency to make the existence

of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." SDCL 19–12–1. The entire bankruptcy petition was relevant to the issue of Kaarups' damages. On direct examination, Kaarup testified that the sole reason for filing for bankruptcy was due to the claims made against him by the state of South Dakota; however, the bankruptcy petition listed assets of $158,000 and liabilities totalling over $314,000 without reference to the claim of the state of South Dakota. Further, the bankruptcy petition listed Kaarups' personal property and included their malpractice actions against Schmitz/Kalda and two other parties at a combined value of $1,000. In the current action, Kaarups claim damages of several hundred thousand dollars.

Kaarups next claim that the probative value of the bankruptcy petition was substantially outweighed by the danger of unfair prejudice. The trial court is vested with discretion in making its probative-prejudicial determination, and upon appeal, the trial court's ruling will not be disturbed absent an abuse of its discretion. *State v. Grooms*, 399 N.W.2d 358 (S.D.1987).

■ As used in SDCL 19–12–3, the term "prejudice" does not mean damage to the opponent's case that results from the legitimate probative force of the evidence; rather it refers to the unfair advantage that results from the capacity of the evidence to persuade by illegitimate means. *State v. Dokken*, 385 N.W.2d 493 (S.D.1986). The admission of the bankruptcy petition did not give Schmitz/Kalda an unfair advantage. The petition was properly admitted to provide the jury with the whole picture of the circumstances surrounding the bankruptcy. The trial court did not err in admitting the entire petition into evidence.

Kaarups make other claims relating to the admissibility of evidence concerning damages and error in instructing the jury on damages. Because the jury returned a verdict on the issue of liability against Kaarups, and we affirm that verdict, we need not address the claims of error relating to damages.

The trial court's judgment is affirmed.

MORGAN and HENDERSON, JJ., and TSCHETTER, Circuit Judge, concur.

MILLER, J., concurs in part and dissents in part.

TUCKER, Circuit Judge, for WUEST, C.J., disqualified.

TSCHETTER, Circuit Judge, for SABERS, J., disqualified.

MILLER, Justice concurring in part, dissenting in part.

I concur with the majority's holding on issues one and three but dissent on issue two.

For reasons stated below, it is my opinion that the trial court erred in refusing Kaarup's proposed instruction 1, which is quoted on page 849 of the majority opinion.

The proposed instruction is an accurate statement of the law recognizing that the disparity between the parties must be considered. *Schmidt v. Wildcat Cave Inc.*, 261 N.W.2d 114 (S.D.1977); *Moore v. Kluthe and Lane Agency Inc.*, 89 S.D. 419, 234 N.W.2d 260 (1975); *Boos v. Claude*, 69 S.D. 254, 9 N.W.2d 262 (1943); Restatement of Torts §§ 551 and 552 (1977). *See also Littau v. Midwest Commodities Inc.*, 316 N.W.2d 639 (S.D.1982).

The majority correctly states that there was a genuine issue whether Schmitz, Kalda acted as engineers or land surveyors. However, that issue was never submitted for consideration by the jury. The trial court, by instructions 16 and 17, defined the "practice of 'land surveying'" and "professional engineering," but never told the jury how to use those definitions. The jury was given the pattern jury instruction on negligence, contributory negligence and comparative negligence, but was never advised how to consider the claimed disparity between the parties in making its determination.

Although I concede that there was a sparsity of foundational evidence regarding engineers' expertise in water permits, I suggest that under the facts here, coupled with the applicable settled law as set forth above, the trial court committed reversible error in refusing Kaarup's proposed instruction 1. *See Ballard v. Happy Jacks Supper Club,* 425 N.W.2d 385 (S.D.1988) (Miller, J., concurring specially); *see also Wang v. Wang,* 393 N.W.2d 771 (S.D.1986); *Runge v. Prairie States Life Ins. of Sioux Falls,* 393 N.W.2d 538 (S.D.1986); *Kappenman v. Action, Inc.,* 392 N.W.2d 410 (S.D. 1986).